IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAMAL BRYANT,**<br>　　　　*Plaintiff,*<br><br>　　v.<br><br>**THE CITY OF PHILADELPHIA, et al.,**<br>　　　　*Defendants.* | Civil No. 23-3607 |

<u>MEMORANDUM</u>

**Costello, J.**　　　　　　　　　　　　　　　　　　　　　　　September 11, 2025

　　　　Plaintiff Shamal Bryant sued the City of Philadelphia ("City") for discrimination she allegedly experienced while working as a police sergeant for the Philadelphia Police Department ("PPD"). The City previously moved to dismiss many of Bryant's claims, which the Court largely granted with limited leave to file an amended complaint. Following a dismissed appeal, Bryant amended her complaint. The City now moves again to dismiss Bryant's Section 1983 *Monell* claim. For the reasons that follow, the Court will grant the City's motion.

**I.　　BACKGROUND & PROCEDURAL HISTORY**

　　　　Bryant claims that the City discriminated against her based on her race when awarding overtime assignments and argues that the City is liable under Section 1983 for violating 42 U.S.C. § 1981. *See* ECF No. 19 ¶¶ 20-29; ECF No. 35 ¶¶ 13-24. The City previously moved to partially dismiss Bryant's First Amended Complaint, including Bryant's Section 1983 claim. *See* ECF No. 19; ECF No. 22. The Court granted the City's motion and dismissed Bryant's Section 1983 claim without prejudice. ECF No. 28. With respect to Bryant's Section 1983 claim, the Court found that Bryant did not sufficiently allege a policy or custom of awarding overtime to Caucasian men in preference to African American women that was attributable to the City. *Id.* at

5-6. In particular, the Court noted that Bryant's Complaint failed to allege facts showing that a City policymaker with unreviewable discretion ratified or acquiesced to the alleged policy or custom. *Id.* The Court also noted that Bryant alleged facts suggesting only that there were inconsistent practices among police districts,[1] rather than a policy or custom attributable to the City. *Id.* The Court granted Byrant leave to amend her Section 1983 claim by March 19, 2024, and warned that failure to amend by the deadline would result in a dismissal with prejudice. *Id.* at 10.

Instead of filing a second amended complaint, Bryant appealed on March 20, 2024. *See* ECF No. 29. The Third Circuit dismissed her appeal on December 6, 2024, after which this Court ordered her to amend her complaint by January 9, 2025. *See* ECF No. 33 (appeal dismissed); ECF No. 34 (order to amend complaint). Bryant's Second Amended Complaint contains two new allegations relating to her Section 1983 claim.[2] First, Bryant provides the names of two Philadelphia Police Commissioners: Richard Ross Jr., from 2018 to 2019, and Danielle Outlaw, from 2020 to 2023. ECF No. 35 ¶ 19. Second, Bryant alleges that both Ross and Outlaw "knew about and acquiesced to" the policy or custom of awarding overtime to white men over African American women. *Id.* ¶ 20.

---

[1] After Bryant received no overtime in her district, she sought and received overtime in another district, suggesting inconsistent practices among districts, not a city-wide policy or custom. *See* ECF No. 19 ¶¶ 22-24.

[2] The Second Amended Complaint contains the identical allegation that the City of Philadelphia has a policy or custom of awarding overtime to Caucasian men over African American women despite a contract that provides the use of a "wheel" system to ensure the fair distribution of overtime. *See* ECF No. 35 ¶¶ 9, 13, 18.

The City again moves to dismiss Bryant's Section 1983 claim. *See* ECF No. 36. The City argues that Bryant's Second Amended Complaint fails to cure the deficiencies the Court previously identified. ECF No. 36-2 at 13-15. For the reasons discussed below, the Court agrees.[3]

## II. LEGAL STANDARDS

In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

A municipality may not be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, municipal liability attaches only if the "the city's choices were the 'moving force' behind the [rights] violation." *Hightower v. City of Phila.*, 130 F.4th 352, 356 (3d Cir. 2025) (quoting *Monell*, 436 U.S. at 694). Thus, a municipality may be liable if the plaintiff shows that (1) a "policy or custom of the municipality

---

[3] The City also argues that the Court should dismiss Bryant's Second Amended Complaint because she failed to file it before the deadline provided in the Court's March 5, 2024 Order disposing of the first motion to dismiss. ECF No. 36-2 at 9-11. Because the Court did not enter a formal order dismissing the claim with prejudice after the deadline and because the Court ultimately concludes that Bryant has failed to state a claim against the City, the Court declines to address this argument.

led to his or her injuries," or (2) that the municipality had a "failure or inadequacy" reflecting a "deliberate or conscious choice" that caused her injuries. *See Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). Here, Bryant only alleges that the City is liable under a policy or custom theory. *See* ECF No. 35. To survive a motion to dismiss under a policy or custom theory, a plaintiff must specify exactly what the offending policy[4] or custom[5] was. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Additionally, a plaintiff must show that a policymaker is responsible for the "affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz*, 915 F.2d at 850. Within the PPD, the Police Commissioner is the policymaker. *See Keenan v. City of Phila.*, 983 F.2d 459, 468-69 (3d Cir. 1992).

Here, Bryant's Second Amended Complaint contains only two new allegations: (1) the names of the Police Commissioners; and (2) that they "knew about and acquiesced to" the policy or custom of awarding overtime to white men over African American women. ECF No. 35 ¶¶ 18-20. These allegations of the Police Commissioners' knowledge and acquiescence are conclusory. *See Zampetis v. City of Atl. City*, No. CV 15-1231 (NLH), 2016 WL 5417195, at *3 (D.N.J. Sept. 28, 2016) ("In and of itself, the allegation that [the policymaker] had knowledge is conclusory."). Bryant alleges no factual content that allows this Court to plausibly infer that the Police Commissioners had knowledge of the alleged practice or that they affirmed or acquiesced to it. *See Cooper v. City of Phila.*, No. CV 20-5778, 2021 WL 5823000, at *3 (E.D. Pa. Dec. 8, 2021) ("There are also no factual allegations . . . that allow the inference that the named

---

[4] "A pertinent decision by an official with decision-making authority on the subject constitutes official policy." *Porter v. City of Phila.*, 975 F.3d 374, 383 (3d Cir. 2020).

[5] A custom is established "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

policymakers knew of any constitutional violations."). Bryant's Second Amended Complaint again fails to allege facts allowing the inference of anything more than inconsistent overtime practices among police districts. *See* ECF No. 35 ¶¶ 13-24.

The Court has already provided Bryant with an opportunity to cure the deficiencies in the First Amended Complaint, and the Second Amended Complaint largely mirrors the previous one. *See Priore v. Caravan Ingredients Inc.*, No. CIV. 13-5229 KSH CLW, 2015 WL 570218, at *6 (D.N.J. Feb. 11, 2015) (denying leave to amend where court already provided plaintiff with an opportunity to amend, and the amended complaint mirrored the original in most respects). Offering Bryant another opportunity to amend would delay discovery on the remaining claims and is unlikely to result in a legally sufficient claim. Therefore, the Court will dismiss Bryant's Section 1983 *Monell* claim with prejudice.

IV. **CONCLUSION**

Because Bryant alleges no facts establishing a policy or custom attributable to the City, the Second Amended Complaint fails to state a Section 1983 *Monell* claim. As a result, the Court will dismiss the claim with prejudice. An appropriate Order will follow.

                                                     **BY THE COURT:**

                                                     _____
                                                    MARY KAY COSTELLO, J.